# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GLORIA JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 09-00554-W-RED |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiff Gloria Jones seeks judicial review of the Commissioner's denial of her request for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3) (2009); *Warburton v. Apfel*, 188

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2) (2009); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2009); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he is disabled. If the claimant is not able to perform his past

work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## ANALYSIS

Plaintiff argues substantial evidence does not support the ALJ's findings and the ALJ did not use the correct legal standard, pursuant to the Social Security Act, regulations, and case law, in rendering a decision finding Plaintiff not under a disability. Specifically, 1) Plaintiff argues the ALJ erred in evaluating the medical evidence as it relates to her physical and mental limitations, and 2) Plaintiff challenges the ALJ's assessment of her Residual Functional Capacity ("RFC").

### **The ALJ did not err in evaluating the medical evidence in the record**

Plaintiff raises concerns regarding the ALJ's review of the evidence in the record as it relates to the ALJ's findings concerning her limitations. The ALJ found Plaintiff had "alcohol and cocaine abuse, depression, personality disorder, history of coronary artery disease, chronic obstructive pulmonary disease, and moderate obesity." (ALJ Decision p. 17).

First Plaintiff argues the ALJ erred in factoring in her noncompliance with treatment recommendations while ultimately finding Plaintiff not disabled. Plaintiff cites *Pate-Fires v. Astrue*, 564 F.3d 935, 945-47 (8th Cir. 2009) in support of her argument. Notably, in *Pate-Fires*, the 8th Circuit found the ALJ erred by placing significance on the claimant's noncompliance with treatment. *Id*. at 946. The claimant was diagnosed with several severe mental disorders, including schizophrenia.

3

Plaintiff's reliance on *Pate-Fires* is misplaced. Unlike *Pate-Fires*, where the record "overwhelming" showed claimant's noncompliance with her medication was "attributable to her mental illness," Plaintiff cites to no evidence in the record demonstrating she cannot comply with taking her medication because of her mental limitations. *Id*. *See also Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010). Without such evidence, the Court cannot find the ALJ erred in factoring in Plaintiff's noncompliance.

Plaintiff also argues no medical evidence supports the ALJ's finding that absent substance abuse, she would be able to work. When there is evidence of claimant's addiction to drugs or alcohol, pursuant to 20 C.F.R. § 404.1535 (2010), the ALJ must determine whether "drug addiction or alcoholism" is a "contributing material factor to the determination of disability." The "key factor" used by the ALJ in determining whether substance addiction is a "contributing material factor" is whether the ALJ would still find the claimant disabled if the claimant "stopped using drugs or alcohol." *Id*.

Plaintiff alleges the ALJ's findings concerning the effect of substance abuse on her limitations is not supported by the medical records. However, numerous examples in the record show that medical professionals found Plaintiff's substance abuse to have a significant impact on her mental status. On many occasions, medical professionals specifically mention drugs and alcohol as contributing to and complicating her symptoms. The Court cannot find the ALJ's conclusions concerning Plaintiff's substance abuse are not supported by substantial evidence on the record.

Furthermore, the ALJ considered other factors when evaluating Plaintiff's limitations and her ability to work. The ALJ considered Plaintiff's noncompliance with her medications and the effect of such noncompliance on Plaintiff. For example, the Court notes that when Plaintiff was

4

given blood pressure medication, medical records indicate she improved. The ALJ also evaluated Plaintiff's credibility as it relates to her claims of periods where she was not using drugs or alcohol. Although Plaintiff argues she suffered from mental impairment symptoms during periods where she was not using drugs or alcohol, the record reveals multiple instances where Plaintiff minimized or lied about her substance abuse. The ALJ took into account Plaintiff's credibility when determining the impact of substance abuse on Plaintiff's impairments and her ability to work.

The Court finds the ALJ's conclusions are supported by substantial evidence on the record.

### **Substantial evidence supports the ALJ's RFC assessment of Plaintiff**

Plaintiff also argues the ALJ's assessment of her RFC is not supported by substantial evidence. Specifically, Plaintiff claims no medical evidence substantiates the ALJ's RFC assessment as it relates to her mental and physical limitations.

Although some medical evidence must support an ALJ's RFC assessment, an RFC assessment is "based on all the relevant evidence." *Page v. Astrue*, 484 F.3d. 1040, 1043 (8th Cir. 2007). After reviewing the record, the Court finds the ALJ's RFC assessment is supported by medical evidence and other relevant evidence.

Numerous medical records, as noted above, show Plaintiff's mental limitations were impacted by her drug and alcohol abuse. With respect to Plaintiff's physical limitations, the record also shows that Plaintiff's physical limitations are not as significant as her complaints, which the ALJ considered. One such example is Plaintiff's testimony she could not sit for over ten minutes. Notably, the ALJ observed Plaintiff sit throughout the hearing, which lasted an hour. Moreover, the record shows Plaintiff's physical limitations are not as severe when Plaintiff complies with her treatment recommendations and refrains from drug and alcohol abuse. For example, the Plaintiff's

5

blood pressure stabilized when she complied with her treatment recommendations, which as noted above, she frequently failed to do. From these records, as well as other evidence in the record, the ALJ assessed Plaintiff's RFC. The Court cannot find the ALJ's RFC assessment is not supported by any medical evidence. Moreover, the ALJ's assessment of Plaintiff's RFC is supported by substantial evidence on the record.

Once the ALJ determined Plaintiff's RFC, the ALJ relied on vocational expert testimony to find Plaintiff could perform work in the national economy. The vocational expert testified that a claimant similarly situated to Plaintiff could perform jobs available in the national economy, such as a retail marker, collator machine operator and optical goods processor. Based on such testimony, the ALJ found Plaintiff was not disabled.

Upon review of the record, and after careful consideration, the Court finds substantial evidence on the record supports the ALJ's findings. Furthermore, the ALJ used the correct legal standard in rendering a decision finding Plaintiff not under a disability. Therefore, for the reasons set forth above, the Court affirms the decision of the ALJ.

**IT IS SO ORDERED.**

DATED:  September 22, 2010               */s/ Richard E. Dorr*
                                          RICHARD E. DORR, JUDGE
                                          UNITED STATES DISTRICT COURT